[Civ. No. 6965. First Appellate District, Division Two.—September 23, 1929.]

JESSE WILSON (a Minor), Respondent, v. CHRIS MARDAKIS, Appellant.

John Ralph Wilson and Carl E. Day for Appellant.

James F. Brennan for Respondent.

STURTEVANT, J.—Shortly after 10 P. M. on the night of April 29, 1927, plaintiff, a boy thirteen years of age, and a friend, Arthur Mahoney, of about the same age, boarded a west-bound McAllister Street car with the purpose of transferring at Larkin Street to go to their homes

on Ellis Street. Upon reaching Larkin Street the Mahoney boy alighted from the rear end of the car, ran around the back and across to the southerly side of McAllister Street with the object, apparently, of taking a north-bound Larkin Street car at the southeast corner of Larkin and McAllister Streets. The plaintiff followed. After he had taken a few steps to the south he was hit by a taxicab traveling easterly on McAllister Street driven by an employee of defendant.

■ The defendant claims he was not negligent. There was evidence that the taxicab entered the intersection of the two streets traveling at a speed of fifteen miles or more and that it so continued to travel until the accident; that it was riding the southerly track on McAllister Street; that it was lighted and there were such other lights that the persons in the street could be seen and that they were seen. There was evidence that the space between the southerly track and the curb was not occupied by parked vehicles for a distance of 100 or 125 feet east of Larkin Street. There were facts introduced in evidence from which it may be argued that the taxicab was traveling at a speed in excess of fifteen miles per hour. The plaintiff contends that the taxicab was operated negligently because the driver. did not drive as close to the right-hand curb as was practicable under the circumstances, because the taxicab was being driven at an excessive rate of speed, and because it was not being driven in a careful and prudent manner and at a rate of speed that was reasonable and proper, having regard for traffic and the use of the highway. There was evidence which, if the jury believed it, would have justified the jury in placing its verdict on any one or all of the foregoing theories. The defendant attempts to justify the acts of his agent by claiming that no one of the theories mentioned is wholly sustained as a charge. But he is responsible for the combination of facts as well as for the separate factors. This court is unable to say that the implied finding that defendant was negligent is not supported by the evidence.

■ The defendant also asserts that the plaintiff was guilty of contributory negligence. The facts are these. As he rounded the rear end of the street-car he looked west on McAllister Street and saw the taxicab. It was riding both rails of the southerly track or straddling the south

rail. Plaintiff had taken a step out but drew back until he was in danger of being brushed down by the street-car when it started to move. He saw the space he was standing in was only four feet wide, or less, that is, the space between the street-car and the taxicab if the latter continued forward in a straight line. He determined to try to get across ahead of it. He attempted to run. He took a couple of steps and was hit. The defendant concedes "that persons under the stress of a sudden emergency are not held strictly accountable for their acts," but he claims that principle is not applicable in this case. When it is considered that the person in question was a boy of only thirteen years of age, we think that the jury was within its rights when it reached the determination that the plaintiff under all of the facts was not guilty of contributory negligence.

 The plaintiff requested and the trial court gave an instruction: "I instruct you that the Motor Vehicle Act in effect at the time of the accident in question provided that on all occasions the driver of a vehicle shall drive the same on the right half of a public highway and close to the right edge or curb of said highway, unless it is impracticable to travel on said side of the highway and except when overtaking or passing other vehicles, in which latter case the vehicle may be driven on the left side of the highway, if said left side is clear and unobstructed for at least 100 yards ahead. If you find from the evidence in this case that defendant's driver was not driving his automobile upon the right half of the street and close to the right-hand curb of said street and that it was practicable to travel close to the right-hand curb of said street, then you are instructed that he was guilty of negligence as a matter of law." The defendant asserts it was not applicable to the facts. He points to the evidence that some cars were parked 100 or 125 feet easterly from the corner and that it was not practicable to drive near the curb. This argument assumes facts. Just how far east these parked cars were from the point of the collision rests in argument. There was evidence to the effect that as the taxicab proceeded east on McAllister Street from the time that it approached the intersection and from there to a point some distance east of the point of collision, that the taxicab could have been driven next to the curb because the street was otherwise un-

occupied. It was only at a point some distance beyond and east of the point of collision that there were any parked cars next to the curb.

 The plaintiff requested and the trial court gave an instruction as to the lawful rate of speed when an automobile is traversing an intersection. (Motor Vehicle Act, sec. 113, subd. 2.) The defendant says in this case no intersection was involved, that where the accident happened was forty-six feet east of the intersection. Conceding that to be the fact, the instruction was not harmful.

 The defendant requested and the trial court refused to give an instruction purporting to be a statement contained in Ordinance No. 4663 (N. S.) The court did not err. The ordinance is confined to zones ''where the traffic is congested.'' There was no evidence that the place where the accident happened is a zone ''where the traffic is congested.''

We find no error in the record. The judgment is affirmed.

Nourse, J., and Koford, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 22, 1929, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 21, 1929.

All the Justices concurred.